[No. 9015.  Department Two.  November 21, 1910.]

## SHIPWRIGHTS, JOINERS & CALKERS ASSOCIATION, LOCAL No. 2 OF SEATTLE, *et al.*, *Respondents*, v. JOHN MCFARLAND MITCHELL *et al.*, *Appellants.*[1]

TRADE UNIONS— IDENTITY —CHANGE IN AFFILIATIONS — FUNDS— PROPERTY RIGHTS.  The identity of an unincorporated labor association and its property rights are not affected by changes in its affiliations with other labor unions or organizations; and it is a gross breach of trust for its officers to pay over its funds to a rival organization with which it affiliated at one time.

Appeal from a judgment of the superior court for King county, Sheeks, J., entered February 26, 1910, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to recover the funds of an association wrongfully withdrawn from a bank.  Affirmed.

*William C. Keith,* for appellants.

*L. H. Wheeler* and *Faben & Kelleran,* for respondents.

RUDKIN, C. J.—The Shipwrights, Joiners & Calkers Association was organized in the city of Seattle about 25 years ago.  The association is unincorporated, and is composed of numerous craftsmen voluntarily banded together for their mutual benefit and protection, and to provide health and death benefits for members.  It is supported wholly by dues collected from members, which have varied from 25 cents to 70 cents per month, per capita, for several years last past. At various times since its organization, the association has affiliated with different labor organizations, such as the American Federation of Labor, the Central Labor Council of Seattle, The International Union of Shipwrights, Calkers & Joiners, and the Pacific Coast Maritime Builders Federation.  From 1902 until late in 1906, the association was affiliated with

[1]Reported in 111 Pac. 780.

the International Union of Shipwrights, Calkers & Joiners, as Local No. 11, and from the latter date until the present controversy arose, with the Pacific Coast Maritime Builders Federation, as Local No. 2. While the membership in the association is continually changing by deaths, withdrawals, and removals, and while its affiliations with other organizations have changed from time to time, the association itself remains, and has at all times maintained its entity and separate existence.

On the 21st day of August, 1907, the association had, in the National Bank of Commerce in Seattle, the sum of $1,138.51, deposited in the name of the Shipwrights, Joiners & Calkers Association, L. No. 2. On the latter date, the defendants, who were or had been president and treasurer respectively of the association, withdrew these funds from the bank and turned them over to three persons, claiming to be trustees of the Shipwrights, Joiners & Calkers Association, Local No. 11. The present action was instituted by the association, and by a large number of its members in its behalf, to recover the above sum for the benefit of the association. The case was tried before the court without a jury, and from a judgment in favor of the plaintiffs, the defendants have appealed.

The case presents questions of fact only. The fundamental error underlying the defense grows out of the erroneous assumption that the  respondent association changed and became a different and separate entity every time it changed its affiliations with other labor unions or organizations. This assumption has no foundation in law or in fact. Regardless of the changes in membership and the changes in its affiliations, the association itself has remained the same, and the appellants were guilty of a gross breach of trust when they took it upon themselves to pay over its funds to a rival organization without warrant or authority.

The judgment of the court below is therefore affirmed.

CHADWICK, MORRIS, CROW, and DUNBAR, JJ., concur.