. [No. 8748.   Department One.   November 23, 1910.]

*In re* WESTLAKE AVENUE, *Ordinance No. 17,629.*

TRIAL—INSTRUCTIONS—COMMENT ON FACTS—EMINENT DOMAIN. In a condemnation proceeding, instructions are not an unlawful comment on the evidence by reason of clauses as to the "special benefits that will accrue to the property" "if you think the conditions that exist........are unsettled," where they had reference to instructions already given in that connection, and did not assume that there would be any such benefits, but plainly left it to the jury to determine.

NEW TRIAL—GROUNDS—CONFLICTING EVIDENCE. Refusal to grant a new trial because the verdict was contrary to the evidence, is not error where the evidence was conflicting.

. Appeal from a judgment of the superior court for King county, Albertson, J., entered August 18, 1909, upon the verdict of a jury rendered in favor of the city, awarding no damages in a condemnation proceeding.   Affirmed.

*H. A. P. Myers,* for appellants.

*Scott Calhoun, King Dykeman,* and *Stephen V. Carey,* for respondent.

¹Reported in 111 Pac. 780.

Mount, J.—This is a condemnation proceeding commenced by the city of Seattle, under an ordinance for widening and extending Westlake avenue from Mercer street to the Lake Washington canal, and thence northward to Ewing street. Westlake avenue extends north and south along the shore of Lake Union. Mercer street extends east and west near the south shore of the same lake. The property involved in this proceeding and owned by appellants lies along the east side of Westlake avenue in Fremont, immediately south of the canal, and the ordinance under which this proceeding is being prosecuted contemplates the gradual elevation of the middle portion of Westlake avenue, commencing about fifteen hundred feet south of appellants' property in order to be high enough to cross over the Lake Washington canal. The elevated portion of the street is to be about twenty-seven feet high in front of appellants' property, with a strip forty feet wide of the present level of the street between appellants' property and the bulkhead or side of the elevated portion of the street. The question involved in the trial of the case was the amount of appellants' damages, if any, on account of the construction of this elevated street within forty feet of his property line. The verdict of the jury was against appellants. They found no damages. Thereupon the appellants moved for a new trial, which motion being denied, a judgment followed accordingly. From the judgment of condemnation awarding no damages, this appeal is prosecuted.

It is argued that the trial court erred in giving the following instruction to the jury:

"If you think that the conditions that exist in that locality, without the improvement projected by this ordinance, are unsettled with respect to permanency of grade, with respect to the location of the bridge over the canal, with respect to the line that the government might permit the canal to be used at the present grade; if you think that the present conditions are unsettled so as to affect the market value of the property, then you will inquire from the evidence whether by virtue of this proposed public improvement,

these conditions will be settled, whether permanency will be brought about affecting the market value of the property, and if, from consideration of the whole case, you are satisfied that the property is damaged in excess of the special benefits that will accrue to it over and above the general benefit flowing to the public from this public improvement, why then your verdict would be for damages with respect to the realty alone in that amount."

Appellants claim that the court, by reference to the unsettled condition with respect to the permanency of the grade and to special benefits, assumes that these conditions exist, and such reference therefore amounts to a comment upon the facts. It is plain from the language of this instruction that the court did not tell the jury that there was an unsettled condition, for the language is, "If you think the conditions that exist . . . are unsettled," etc., thus leaving it for the jury to find the fact. This was not a comment upon the facts. The reference to special benefits did not assume that there were any such, because in a former part of the instructions the court told the jury: "You will ascertain from the evidence now submitted what is the present fair cash market value of the land that is taken, without including any enhancement of the value, if any, that may be found, occasioned by reason of this prospective improvement;" and in regard to the land not taken, the court said to the jury: "If as a result of that regrade, this remaining land will be damaged over and above the special benefits that it may receive as the result of this proposed improvement when it goes through, then he would be entitled to a verdict in the amount of that damage." When the court used the words "special benefits that will accrue to the property," in the instruction complained of, these words had reference to instructions already given in that connection, and plainly did not assume that there would, in fact, be any such benefits. But such question was left for the jury to determine. We think there is no merit in the contention that the court by this instruction commented upon the facts.

It is also assigned as error that the court refused to give
a requested instruction.   But this instruction appears to
have been given in substance.   It is, therefore, not necessary
to set it out or discuss it further.

It is argued that the trial court should have granted a new
trial, for the reason that the evidence is contrary to the ver-
dict finding no damages.   It is true that there was evidence
which showed damages, but on the other hand there was com-
petent evidence that the improvement would not damage the
appellants' property in the least, but would be a great benefit
thereto.   The case was one, therefore, for the jury.

Finding no error, the judgment is affirmed.

RUDKIN, C. J., PARKER, GOSE, and FULLERTON, JJ., con-
cur.