GLADYS T. BARNES ET AL. *vs.* ELBERT E. CHURCH, TRUSTEE OF THE KINGSTON ASSOCIATES.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued May 3d—decided June 14th, 1934.

*Bernard J. Ackerman,* for the appellants (plaintiffs).

*Arthur L. Shipman, Jr.,* for the appellee (defendant).

HINMAN, J.   On or about September 15th, 1928, F. E. Kingston caused to be formed an organization known as The Kingston Associates, hereinafter called Associates, of which any employee, partner or associate of the firm of F. E. Kingston & Company could become a member by depositing $1 per week or a multiple thereof.   The funds thus collected were to be invested by F. E. Kingston and he opened a margin account with F. E. Kingston & Company for that purpose, and designated E. E. Church, the defendant herein, trustee of Associates.   Any member could at any time withdraw the money paid in by him and receive six per cent interest thereon.   With the exception of withdrawals, the members of Associates and F. E. Kingston continued to have control of the funds and to invest and reinvest them until November, 1930.

On or about November 28th, 1930, Kingston, representing that the firm of Kingston & Company was

temporarily in need of funds, instructed Church to have certain waivers signed by the members of Associates. These purported to authorize, empower and direct Church as trustee to sell, assign and convey to Kingston & Company any and all of the securities, assets and funds of Associates and to waive any and all claims in or to such securities and funds, and were signed by all of the members except Gladys T. Barnes and Alice E. Wayand, the present plaintiffs. Church as trustee also executed an assignment to Kingston & Company of specified securities and the credit balance belonging to him as such trustee and at his credit with the company, and a waiver of claims pertaining thereto. At this time the funds of Associates consisted of a credit balance with Kingston & Company of $30,367.17.

While these waivers were being signed, or shortly thereafter, F. E. Kingston applied the funds of Associates to the use of Kingston & Company, which on December 15th, 1930, ceased to do business and bankruptcy proceedings were started against it. Prior to that date the plaintiffs had not endeavored to withdraw from Associates the money paid in by them. A claim was filed by Church, trustee, on behalf of Associates against Kingston & Company in the amount of $30,367.17; on October 24th, 1933, this claim was allowed in full, a dividend of six per cent was paid thereon, and the defendant holds the amount thereof, $1822.03, in his hands for distribution. The plaintiffs also filed individual claims with the trustee in bankruptcy but later withdrew them and brought this action, in which they claim a preference over other owners in Associates.

From the foregoing facts found, the trial court concluded that members of Associates did not, by signing the so-called waivers, relinquish any rights in the

fund and that the plaintiffs are not entitled, by reason of not having signed, to priority over them. The plaintiffs' contentions in support of their assignment of error in denying them priority are, in substance, that Associates, as a common law voluntary association, had no right to convey all of the assets without unanimous consent of its members; that the plaintiffs have retained their legal title in the joint fund of the association, while the other members, who signed the waivers, have only an equitable title; that the assets were misappropriated and diverted *ultra vires* and without plaintiffs' consent; and that their legal title entitles them to preference as against those having only an equitable title, in the distribution of the fund.

The fund turned over to Kingston & Company was owned by the Association; to donate it to the company would clearly be *ultra vires*. The Association would have no right to do so without the consent of every member, and would have a claim for its recovery against Kingston & Company who participated in the illegal act and were recipients of its benefit. The first portion of the so-called waiver signed by members consisted of an attempted authorization of Church, trustee, to transfer the fund to Kingston & Company, but as no member of the Association could validly authorize an illegal disposition of its funds, the only effect would be by way of estoppel, which, conceivably, Church as trustee and Kingston & Company, having acted upon it, could set up as against members of the Association who signed it. As against the plaintiffs, however, there would be no ground upon which estoppel could be claimed affecting their rights in any dividend upon the claim of the Association against Kingston & Company. The concluding clause purported to waive the claims, legal or equitable, of each of the signers in the fund, but did not purport to

assign to Kingston & Company the right of each therein; therefore it would have no effect, as an assignment, upon the title of the member. Being a waiver, it was limited as to its effect by the intent of the parties. *Hartford Realization Co.* v. *Travelers Ins. Co.*, 117 Conn. 218, 227, 167 Atl. 728. Obviously the intent of the waiver was to enable the funds of the Association to be placed at the disposal of Kingston & Company but not to release any claim that a member signing it might have to the fund returned to Associates after the purposes, expected to be temporary, of the transfer to Kingston & Company had been served.

If this waiver had been treated as valid, unaffected by fraud or other infirmity, and had been taken advantage of by the trustee of Kingston & Company, the result would have been to defeat, *pro tanto*, the claim of Associates, and the amount received as dividend thereon would have been reduced accordingly. It appears, however, that the waivers of the individual members who executed them and that of the defendant Church as trustee were accorded no effect upon the claim of Associates but that it was allowed in the full amount of the value of the securities and the credit balance. It is not suggested, and we cannot see, in what way any change in the situation or any prejudice to the plaintiffs was worked by the giving of the waivers or any act of the other members or of the trustee. In the filing and allowance of the claim and in the payment of the dividend which produced the fund which is the subject-matter of this inquiry, the "waivers" obviously were treated as abortive or at least as irrelevant or ineffective, and the result, so far as concerns this fund, is the same as if they had never been executed. It follows that no prejudice accrued to the plaintiffs, and the trial court did not err in

holding them not entitled to preference over the other beneficial owners of the assets of Associates.

The record discloses procedural defects which we do not wish to accord implied approval. The plaintiffs included in their complaint prayers for relief appropriate to an action of interpleader (General Statutes, § 5911; Practice Book, Form 160, p. 395) and the defendant Church in a "defense" in the nature of a cross-complaint, did likewise, but the case proceeded to final judgment without prior entry of an interlocutory judgment of interpleader and the filing of the respective claims of the parties as required by rule. Practice Book, Insert, p. 274. Also, the plaintiffs undertook, under General Statutes, § 5519, to sue not only for themselves but on behalf of the other beneficial owners in Associates. This statute necessarily contemplates a common interest of the plaintiffs and the other parties in whose behalf action is brought and is inapplicable where the interests of such other parties are opposed to or inconsistent with those of the plaintiffs. *West Hartford* v. *Water Commissioners,* 68 Conn. 323, 332, 36 Atl. 786. Therefore, the members of Associates other than the plaintiffs would not be bound or concluded by a determination adverse to their interests; the judgment rendered may stand only because it accords to them all that they could have obtained in this action under claims filed by them or on their behalf by authority of the court under § 5519.

There is no error.

In this opinion the other judges concurred.