WORLD TRADING CORPORATION, Plaintiff, *v.* WILLIAM H. KOLCHIN, as Treasurer of the United Wholesale Employees of New York, Local 65, Textile Workers Organizing Committee, Committee for Industrial Organization, Defendant.

Supreme Court, Special Term, New York County, January 19, 1938.

*Murray E. Harston,* for the plaintiff.

*Harry Sacher,* for the defendant.

SCHMUCK, J.   Judgment for defendant.

By this action plaintiff seeks to permanently enjoin the defendant from attempting to decide and settle certain disputes by arbitration. Plaintiff maintains that there is no agreement or relationship between the parties justifying the defendant's conduct.   Defendant, on the other hand, asserts that because of a contract made between it and the plaintiff it is warranted in adopting the procedure hereby assailed. The issue was presented upon stipulated facts which indicate that a contract was entered into between the plaintiff and the defendant while the defendant was affiliated with the American Federation of Labor.   Subsequent to the initiation of the contract, the defendant severed its connection with the American Federation of Labor and transferred its allegiance to the Committee for Industrial Organi-

zation. It is plaintiff's contention that by so doing the defendant changed its nature and in legal contemplation became a different entity. With this argument the court cannot agree. As admonished by *Kelso* v. *Cavanagh* (137 Misc. 653), it must be held that defendant is still the same union. Its identity, structure, operation, constitution, by-laws, officers and membership are still the same as they were when the agreement was made. Only its affiliation and name have changed. The power to disburse funds, to perform and take advantage of contracts, to collect dues, and distribute surplus is still in the same hands and belongs to the same legal entity.

Abundant authority can be marshaled in support of the proposition that severance or change of affiliation of a local union with the parent body does not alter the identity or take away the rights and responsibilities of the local. In Oakes on Organized Labor and Industrial Conflicts, page 90, we read: " The identity of a local union is not affected by its withdrawal from one general organization and its affiliation with another." In a sister jurisdiction (*Shipwrights, Joiners & Calkers Assn., Local No. 2, of Seattle* v. *Mitchell*, 60 Wash. 529, 530; 111 P. 780) it was held that, "Regardless of the changes in membership, and the changes in its affiliations, the association itself has remained the same." In consequence no approval can be given plaintiff's argument that change of affiliation from the American Federation of Labor to the Committee for Industrial Organization has altered the nature and structure of the defendant. The same consideration must be accorded the claim that change of name from Wholesale Dry Goods Union to United Wholesale Employees of New York, Local 65, destroys the agreement. The speciousness of that argument is evidenced by the illustration that if Jones by order of the court changes his name to Brown he cannot thereby be said to have escaped the obligations or lost the benefits of contracts made under the name of Jones. There still remains the same natural person with whom the transactions were had. The same rule must apply to the corporation or a voluntary unincorporated association, creations of the law, as to a natural person.

Submit findings and decision accordingly.