CHASE BRASS AND COPPER WORKERS UNION LOCAL 565 ET AL. *v.* CHASE BRASS AND COPPER COMPANY, INC.

BROWN, JENNINGS, BALDWIN, INGLIS AND ALCORN, Js.

Argued March 8—decided May 23, 1950.

*David R. Lessler,* for the appellant (plaintiff International Union of Mine, Mill & Smelter Workers).

*J. Warren Upson,* with whom was *Kenyon W. Greene,* for the appellant (defendant).

*Chester T. Corse,* with whom was *Thomas R. Robinson,* for the appellee (plaintiff).

Jennings, J. The named plaintiff sued the defendant for amounts withheld in February and March, 1947, under the checkoff provision of a collective bargaining contract. International was added as a party plaintiff. The defendant disclaimed any interest in the fund but expressed doubt that either plaintiff was entitled to it. In any event, it sought the protection of the court for any payment made. There was no interlocutory judgment of interpleader. *Barnes* v. *Church,* 118 Conn. 521, 526, 173 A. 226. Judgment was for the local against the defendant and for the defendant against International. The defendant and International appealed. The contest was primarily between the local and International. The members of the local were employees of the Chase plant. The situation in general was the same as in *Vilella* v. *McGrath,* decided this day, although the issue was different.[1] The evidence was not printed and the facts found must be accepted. The appellants both claim that the facts

---

[1] This case should be read with the *Vilella* case, which contains a general statement of fact and law and a table of abbreviations.

found do not support the conclusions reached. It is necessary to state certain additional facts to make the issues intelligible.

On April 5, 1946, and annually for some years theretofore, a contract was entered into between the defendant and International "for and in behalf of" the Chase local, "hereinafter referred to as the Union." The contract in question expired in one year. It provided in Article I that "The Company agrees to and does hereby recognize the Union as the sole and exclusive bargaining agency for all the employees of the Company" and in Article VII that "The Company will deduct the dues as described above from the wages due to employees on the third pay day of each month. . . . The Company will promptly remit the amounts so collected to the Financial Secretary of the Union." In negotiating the contract, International was acting as agent for the local. Each member of the local signed a deduction authorization which, while addressed to International, was delivered to the Chase company. This card of authorization, to last during the life of the contract, directed the Chase company to deduct the subscriber's union dues from his wages and to pay them to the financial secretary of the local. The contract contained no provision for any payments by the company to International, and it is not found that the latter had any financial secretary.

The facts with reference to the withdrawal of the local from International and its later affiliation with Industrial are as stated in the *Vilella* case. Since the withdrawal, the local has been the only local representing the employees of the Chase company and has continued to function as such.

The continuance of the local as the same autonomous entity but with a different affiliation was also discussed in the *Vilella* case. In that case the issue

concerned the control of funds in possession of the local. In the case at bar the issue is the right to receive checkoff dues held by the company. The distinction is technical rather than substantial, and it is held that the authorities cited which support the holding in the *Vilella* case apply with equal force to the situation in the case at bar unless the novel point made by the defendant is valid. It claims that neither International nor the local is entitled to the checkoff dues. Its claim, as far as the local is concerned, is apparently based on the fact that International had an interest in the contract. Any such interest is too tenuous to justify a holding that the conclusion of the trial court that the local is entitled to the funds is erroneous. The only case cited by the defendant, *World Trading Corporation* v. *Kolchin,* 166 Misc. 854, 2 N. Y. S. 2d 195, does not support its position. The judgment is correct.

There is no error.

In this opinion the other judges concurred.