[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT RE: CROSS-MOTION FOR SUMMARY JUDGMENT
In January 1992, Paine Webber instituted this interpleader action in order to determine to whom it should pay the proceeds of a judgment entered against Paine Webber in favor of Geoffrey J. Winters. The defendants in the interpleader action are Winters and various creditors of Winters who claim an interest in the judgment. In a motion dated January 29, 1992, one of the defendants, Chapman, Moran, Hubbard Zimmermann ("Chapman Moran") moved to dismiss the complaint, arguing that CT Page 815 interpleader is improper where the plaintiff is also a claimant for the fund and that a writ of scire facia should be used in the present case. A second defendant, Marchi, Jaffe, Steinberg, Crystal, Katz Burke ("Marchi Jaffe"), later joined in the motion. The court (Fuller, J.) denied the motion to dismiss in a decision dated May 1, 1993, because Paine Webber withdrew itself as a claimant. On May 25, 1993, Marchi Jaffe filed an answer to the complaint, accompanied by a statement of claim and exhibits. On June 1, 1993, Chapman Moran filed its answer with a statement of claim and exhibits. Chapman Moran then filed a motion for, summary judgment on June 4, 1993. The motion, which was opposed by both Paine Webber and Marchi Jaffe, was denied by the court (Fuller, J.) because all. possible claimants to the fund were not yet present in the action. The court specified that the denial was without prejudice to the motion's renewal once all parties appeared and had an opportunity to present their claims.
Paine Webber filed an amended complaint, dated July 13, 1993, in which it names six defendants who claim or may claim an interest in the proceeds of the judgment. In its complaint, Paine Webber alleges it has no interest in the judgment; declares itself ready, willing, and able to pay the judgment as directed by the court, and seeks an interlocutory judgment requiring the defendants to interplead concerning their respective claims to the fund. Paine Webber names as defendants Chapman Moran, which claims an interest by virtue of an attorneys charging line, Weatherly Securities, which claims an interest by virtue of a prejudgment garnishment order; Marchi Jaffe, which claims an interest by virtue of a judgment obtained against Winters; Marlowe Shields, which claims an interest by virtue of the assignment of the judgment; Jeff Katz, who claims an interest by virtue of a judgment against Winters; and Winters himself.
Subsequent to the initiation of the interpleader action, Winters filed for bankruptcy in federal court effectuating an automatic stay of the state interpleader action. In October 1993, Chapman Moran sought relief from the automatic stay in order to pursue the interpleader action. The Bankruptcy Court issued an order allowing the interpleader action in the superior court to proceed in order to establish the priority of claims on the interpleader fund to be created. On November 3, 1993, Chapman Moran filed its present motion for summary judgment and on November 10, 1993, Marchi Jaffe filed a cross-motion for CT Page 816 summary judgment. Winters' trustee in bankruptcy ("trustee") filed an opposition to the motions, dated December 3, 1993, and Chapman Moran filed a reply to the trustee's opposition on December 10, 1993. No interlocutory judgment of interpleader has entered.
Pursuant to Connecticut General Statutes 52-484, any person possessing money which is claimed by two or more persons may bring a complaint for interpleader. The purpose of interpleader is to bring all the parties who claim an interest in such money into court in order to obtain a complete resolution of the claims. Bransfield v. Relihan,2 Conn. L. Rptr. 433, 434 (September 24, 1990, Meadow, J.). However, parties cannot be required to interplead "until the court has had the opportunity to review the distinct claims to determine interpleader is appropriate." Diviney v. Smith,6 Conn. L. Rptr. 82, 86 (February 26, 1992, Nigro, J.). The determination of whether interpleader is appropriate is made only after all parties have been given notice and an opportunity to be heard on the question. (Citation omitted; internal quotation marks omitted.) Id. Having determined that interpleader is appropriate, a court may issue an interlocutory judgment.
Practice Book 539 provides that: "No trial on the merits of an interpleader shall be had until (1) an interlocutory judgment of interpleader shall have been entered; and (2) all defendants shall have filed statements of claim, been defaulted or filed waivers." The Connecticut Supreme Court has held that the entry of a final judgment is procedurally improper in an interpleader action without the prior entry of an interlocutory judgment of interpleader and the filing of the respective parties' claims. Barnes v. Church, 118 Conn. 521, 526,173 A.2d 226 (1934).
"The test [for summary judgment] is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; quotations marks omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991). The court should grant summary judgment "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993).
In the present case, no interlocutory judgment has entered. CT Page 817 Although Judge Fuller denied the motion to dismiss filed on January 29, 1992, he specifically noted that his decision did not address whether or not an interpleader would be sufficient to decide all the issues between the parties under the facts of this case at the time of trial. In addition, of the six defendants, only the two who have moved for summary judgment have filed statements of claim. Further, the remaining defendants have not been defaulted nor have they filed waivers. Therefore, there has been no compliance with Practice Book 539. Since the granting of summary judgment requires the court to decide the legal merits of a claim, it would be procedurally improper for the court to grant either motion for summary judgment in the absence of compliance with the Practice Book. The motion for summary judgment and cross-motion for summary judgment must accordingly, be denied.
THE COURT
MAIOCCO, J.