[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action in which plaintiff seeks a judgment of interpeader, the complaint alleges that doing business as Stonington Fine Arts, plaintiff operated an art auction house in the town of Stonington, Connecticut. It is further alleged that defendants consigned certain paintings to the plaintiff for sale by him at auction in accordance with a consignment agreement dated August 14, 1995 and December 26, 1995. Subsequently plaintiff offered most of the items consigned for sale at auction but none of the items offered were sold and all still remain in the possession of the plaintiff.
In paragraph four of the complaint, plaintiffs allege that the defendants have been unable to reach an agreement as to which of them owns the item and each of them demands return of the items to him. Plaintiff is unable to determine which of the defendants has the proper claim to the items. It is further alleged that plaintiff has no claim or interest in any of the items and is willing to turn the items over to such defendants as may be entitled to receive them as the court may direct. Plaintiff further claims an interlocutory judgment requiring the defendants to interplead concerning their claims to the items in the hands of the plaintiff.
Both defendants have appeared in this action but have failed to file responsive pleadings and on April 20, 1999 default was entered against both defendants. Subsequently the matter came before the court on a hearing in damages pursuant to Practice Book § 17-34. Defendants, having failed to file any of the notices required by such section, are precluded from offering evidence to contradict any allegations of the plaintiffs' complaint. It is therefore found that the allegations of the complaint have been proven. CT Page 7743
General Statute § 52-484, as applicable here, provides that whenever any person has or is alleged to have any property in his possession which is claimed by two or more persons, he may bring a complaint in equity in the nature of a bill of interpleader. The purpose of interpleader is to bring all parties who claim an interest in property into court in order to obtain a complete resolution of the claims. Bransfield v. Relihan,2 Conn. L. Rptr. 433, 434, September 24, 1990, Meadow J. Practice Book § 24-44 provides that "no trial on the merits of an interpleader shall be had until (1) an interlocutory judgment of interpleader shall have been entered; and (2) all defendants shall have filed statements of claim, been defaulted or filed waivers." The Supreme Court has held that the entry of a final judgment is procedurally improper in an interpleader action without the prior entry of an interlocutory judgment of interpleader and the filing of the respective parties' claims. Barnes v. Church,118 Conn. 521, 526, 173 A.2d 226 (1934). Accordingly, the court finds that the allegations of the complaint having been proven, the defendant should be required to interplead and an interlocutory judgment of interpleader is entered.
An interlocutory judgment of interpleader having been entered and defendants having failed to file any responsive pleading with default entered, the court may proceed to a final judgment of interpleader. At the hearing in damages evidence was introduced by the plaintiff. This evidence included the consignment sales agreement executed on August 10, 1995 between the defendants. In this agreement, defendant Orlins was referred to as the consignor and defendant Michaud was referred to as the consignee. Paragraph six of the agreement provides that "title to the merchandise consigned to the consignee by the consignor as identified on the attached exhibit with amendments shall remain in the consignor until such merchandise is sold by the consignee in the regular course of its business." The contracts executed with plaintiff, also in evidence, do not alter the basic contract between the defendants.
It is therefore found that title to the paintings held by the plaintiff is in defendant Scott Orlins.
Accordingly, judgment is rendered that plaintiff may deliver possession of the items in its possession to defendant Scott Orlins and be discharged from all liability to the defendants. It is also adjudged that plaintiff shall recover his expenses and a reasonable attorney's fee and costs. CT Page 7744
Joseph J. Purtill, Judge Trial Referee